**BI ZHU LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2432–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Alexander Kwok–Ho Yu, Law Offices of Alexander K. Yu, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director; Donald A. Couvillon, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Bi Zhu Li, a native and citizen of the People's Republic of China, seeks review of a May 11, 2007 order of the BIA affirming the October 19, 2005 decision of Immigration Judge ("IJ") Philip L. Morace, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Zhu Li,* No. A95 708 589 (B.I.A. May 11, 2007), *aff'g* No. A95 708 589 (Immig. Ct. N.Y. City Oct. 19, 2005). We

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

We find that the agency's adverse credibility finding is supported by substantial evidence. The IJ noted that Li originally testified that, after her mother called to warn her that the police were looking for her, she "took the bus [to Hunan] at around 11:30 that day and then [she] arrived there the next day morning around 2 o'clock," and that she stayed there for "about three months." The IJ further noted that this meant Li was in hiding until October 2004.

However, while Li's statement that she was in hiding for three months was generally consistent with the information she provided in her credible fear interview, it conflicted with the sworn statement accompanying her application in which she claimed to have remained in hiding with a family friend until December 2004. Because this inconsistency is not dramatic, the IJ properly gave Li the opportunity to provide clarification. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006); *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 109–10 (2d Cir.2006). However, in attempting to explain the inconsistency, Li alleged that she "stayed in the clothing store, the employer's place, for a few days, probably between July 10th and July 20th," before traveling to Hunan to her mother's friend's home. The IJ noted that Li's explanation appeared to be "somewhat contrived," and that this new account was not corroborated by any of the letters she provided as evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005)(holding that the agency need not credit an applicant's explanations for inconsistent testimony, unless those explanations would compel a reasonable fact-finder to do so).

As stated above, for asylum applications, such as this one, filed after the effective date of the REAL ID Act, inconsistencies that support an adverse credibility finding need not go to the heart of the applicant's claim. Here however, the inconsistencies noted by the IJ go to the heart of Li's claim in that they cast doubt on whether the Chinese authorities are in fact searching for her. As such, and they provide substantial evidence in support of the IJ's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, we find that the IJ's denial of Li's application for asylum was proper.

Finally, we find that to the extent that Li based her claim for withholding of removal and CAT relief on the same factual predicate as her asylum claim which the IJ found to lack credibility, her withholding of removal and CAT claims necessarily fail.

*See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.